(72 South. 796)

No. 22102.

STATE v. O'MALLEY.

In re O'MALLEY.

(Oct. 16, 1916.)

*(Syllabus by the Court.)*

INDICTMENT AND INFORMATION &#x21d0;149—DEMURRER—TIME FOR FILING.

Aside from the proposition that, in a criminal prosecution, the judge should consider and pass upon the defendant's objection that the bill of indictment or information does not charge that the crime alleged was committed within the jurisdiction of the court, whenever such plea or demurrer is filed, even by motion in arrest of judgment, it cannot be said that such a demurrer comes too late after the court has permitted the defendant to withdraw his plea of not guilty.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 496; Dec. Dig. &#x21d0;149.]

Dominick C. O'Malley was prosecuted for libel. On refusal of the trial court to pass upon a demurrer to the information or plea to the jurisdiction, defendant applies for writs of certiorari, mandamus, and prohibition. Rule made absolute.

H. N. Gautier, of New Orleans, for relator.

O'NIELL, J. The relator was prosecuted in the Twenty-Eighth judicial district court, in and for the parish of Jefferson, on a bill of information, charging that he (Dominick C. O'Malley), on the 19th day of April, 1916—

"did unlawfully and maliciously compose and publish and cause and procure to be composed and published, in a certain newspaper, called The New Orleans American, published in the city of New Orleans, parish of Orleans, state of Louisiana, and which has a circulation throughout the state of Louisiana, and particularly in the parish of Jefferson, and which edition of Wednesday, April 19, 1916, was circulated in the parish of Jefferson, he, the said Dominick C. O'Malley, being then and there the editor and publisher of the aforesaid newspaper, a certain false, scandalous, wicked, malicious and defamatory libel. * * * *"

When the defendant appeared in court for arraignment, on the 14th of June, 1916, he waived the reading of the bill of information and entered a plea of not guilty, and the case was assigned for trial on Tuesday, the 27th of June, 1916. On that day, because of the absence of two witnesses who had been summoned on behalf of the defendant, his attorney objected to his going to trial, and the case was reassigned to the 29th of June, 1916. On that day, on account of the absence of one of the witnesses summoned on behalf of the defendant, his attorney again objected to his being put on trial, and the case was reassigned to the 6th of July, 1916. After the reassignment of the case, on the 29th of June, 1916, the defendant's attorney requested, and the prosecuting attorney consented, that the testimony of one of the defendant's witnesses be taken in open court and reduced to writing by the stenographer, because the witness was then enlisted in the United States army, and, although then in court, was on a furlough that would expire on the 30th of June, 1916, and could not be present on the date to which the case had been assigned for trial. The testimony of the witness was accordingly taken and reduced to writing.

When the case was called for trial on the 6th of July, 1916, the defendant's attorney moved to withdraw the plea of not guilty, and to file a demurrer to the information or plea to the jurisdiction of the court, contending that the bill of information charged that the offense alleged was committed, not in the

parish of Jefferson or within the jurisdiction of the Twenty-Eighth judicial district court, but in the parish of Orleans. The prosecuting attorney made the objection that the trial had commenced by the taking of the testimony of the defendant's witness who was heard on the 29th of June, 1916. The objection was sustained by the trial judge, whereupon the defendant's attorney reserved a bill of exceptions to the ruling of the court, and gave notice that he would make the application for writs of certiorari, prohibition, and mandamus, which we are now considering.

In his answer to the rule nisi, the respondent judge sets forth the proceedings had in his court, and says that he refused to consider the defendant's demurrer or plea to the jurisdiction of the court, because the defendant had waived any objection that he might have had to the bill of information or to the jurisdiction of the court, by the taking of testimony on the 29th of June, 1916, without reservation of the right to file a demurrer or plea to the jurisdiction. The respondent judge avers that he did allow the accused to withdraw his plea of not guilty, as alleged in his petition to this court.

The only reason, therefore, given by the respondent judge for refusing to consider the demurrer or plea to the jurisdiction is that the taking of the testimony of the defendant's witness on the 29th of June, to be used in evidence in the trial to be had on the 6th of July, 1916, was a beginning of the trial, and that the plea to the jurisdiction could not be considered after the case was thus opened and the trial commenced.

Aside from our view that the objection that the bill of indictment or information does not charge that the alleged offense was committed within the jurisdiction of the court is one that should be considered whenever it is urged, even in a motion in arrest of judgment, there was no good reason for the judge's refusal to consider the demurrer or plea to his jurisdiction in this case, after he had permitted the defendant to withdraw his plea of not guilty. The effect of permitting the plea of not guilty to be withdrawn was to restore the situation or status of the case to what it was before the plaintiff had pleaded to the information. It could not then be said that the case was opened and partly tried by the taking of testimony to be used on the trial.

We cannot decide whether the defendant's demurrer or plea to the jurisdiction should prevail until it has been considered and decided by the trial judge.

It is ordered that the rule issued herein be made absolute, and, accordingly, that the respondent judge proceed to hear and determine the defendant's demurrer or plea to the jurisdiction.